...

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY L. COOKE,<br><br>          Plaintiff,<br><br>          v.<br><br>MARI A. PAULILLO, et al.,<br><br>          Defendants. | Civil Action No. 25-16251 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner currently serving an eighteen-month prison term for violating the terms of his parole. (*See* ECF No. 1-2.) In his current complaint, Petitioner argues that he was denied Due Process in relation to his revocation hearing when the hearing officer

limited his access to certain forms of discovery, accepted evidence Plaintiff believes was of questionable provenance, and by imposing a violation sentence in excess of what Plaintiff believes was lawful in light of a pre-existing plea deal. (*Id.* at 1-2.) Plaintiff also seeks to sue various members of the state parole board, who he believes should be held responsible for these alleged denials of his Due Process rights for overseeing his hearing officer and for creating a vaguely alleged policy which he believes permits the alleged violations to occur. (*Id.* at 2-7.) Plaintiff does not allege that he has successfully overturned his violation sentence, and appears to be in the process of appealing it at this time. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff contends that his rights to Due Process and the assistance of counsel were impugned during a state court parole revocation proceeding which resulted in his being given an eighteen-month term of imprisonment for violating his parole. Although Plaintiff seeks monetary damages for his claims, any success on his claims – i.e., proof that he had been denied Due Process or his right to counsel during revocation proceedings – would necessarily suggest the invalidity of his eighteen-month revocation term. In *Heck v. Humphries*, 512 U.S. 477 (1994), the Supreme Court held that any civil rights action which would impugn the length or validity of a criminal sentence is barred unless and until the plaintiff has the underlying sentence

overturned through state court proceedings or a habeas petition. Thus, a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement," seeks the shortening of his term of imprisonment, or raises a claim the success of which would undermine the validity of his term of imprisonment or its length. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Thus, absent the prior invalidation of Plaintiff's parole revocation term, Plaintiff's civil rights suit "is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . [because] success in [this] action would necessarily" impugn the validity of his parole revocation and resulting term of imprisonment. *Id.* at 81-82. As Plaintiff has not had his parole revocation term invalidated, and any success on the merits in this matter would impugn the validity of his revocation and prison term, his suit in this matter is barred unless and until he has the revocation overturned in state court or through a habeas petition. Petitioner's complaint must therefore be dismissed without prejudice at this time.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

_____
Hon. Karen M. Williams,
United States District Judge